case number 222628. Council for Appellants, when you're ready, how many minutes would you like to reserve for rebuttal? I'd like to reserve five minutes, Your Honor. All right, that will be granted. Thank you. Thank you. May it please the Court, my name is Michael Buschbacher. I'm appearing on behalf of Plaintiff Appellants in this case. I'd like to reserve five minutes, as I mentioned before. This appeal is about whether plaintiff's claims for pre-enforcement review under the APA are timely. And specifically, it's about when the clock starts. The government's position is a rather bold one. They take the view that agency regulations should be more difficult to challenge than federal statutes. There's no time limit for bringing a constitutional challenge to a federal statute. But according to the government, once six years have passed, the window for pre-enforcement review of agency regulations ends. Now, there are situations where Congress has radically curtailed pre-enforcement review of agency action. Those are statutes of repose. This Court explained recently, statutes of repose start upon the occurrence of a specific event and may expire before a plaintiff discovers he has been wronged, or even before damages have been suffered at all. Statutes of limitations are very different. According to Black's Law Dictionary, for instance, statute of limitations is a statute that establishes a time limit pursuing in a civil case based on the date when the claim accrued, as when an injury occurred or was discovered. And that's how... Your claim accrued. That's the question. That is the question, Your Honor. So, for Plaintiff Agewell, the earliest it could have accrued is when it came into existence in 2016. And for the other two plaintiffs... The earliest, but that wasn't my question. When did it accrue? 2016 is timely, so we can say 2016 for Agewell, and that is sufficient. When did it came into existence? Well, that's the earliest. I don't... There's... So that's one point, and if that's correct, then we win on that basis for Plaintiff Agewell. For the other two plaintiffs, the key point is that when you have a new potential liability and a threat of enforcement, this is what happened in the Hare case out of the Sixth Circuit, that itself creates a new legal wrong under... Let me be clear. New potential liability and threat of enforcement. Yes, Your Honor. That's what triggers... That's when you're aggrieved. Yes. So when you brought this complaint, what threat of enforcement was there? There's a threat of enforcement arising from the investigations and the communications from the Department of Labor. But the investigation hadn't happened when you brought this complaint. Yeah, the investigations had begun when we brought the complaint. It was several months afterwards. So Department of Labor... So the rule is promulgated in 2013, takes effect 2015, and then in 2020, the Department of Labor comes to all three of the plaintiffs and says, we're investigating you because we think that you're in violation. And shortly thereafter, we filed the pre-enforcement challenges, and then three months for Agewell and about a year later for the other two plaintiffs, the government brought its enforcement actions. That's the timeline. Is there an enforcement action in the two entities that didn't exist at the time of the promulgation? There is an enforcement action against those two? There is an enforcement action against all three plaintiffs, but it was not at the time that we filed suit. Well, that was my question. Was the enforcement action... Are you saying the investigation... That's correct. The investigation was open, but no enforcement action had yet been filed. Very similar to the situation in the Hare case where, in that case, the Forest Service came to the plaintiffs and said, you can't use your boat. If you do, we'll throw you in jail. And then they filed a pre-enforcement action in response to that. Very similar here. The government came... Hare was as applied, not a facial attack. What demonstrated... So our situation is the same as Hare. We have a challenge to, like, if you look at the complaint in Hare, it asks for the classic APA relief, setting aside the agency's action and vacating it. So the asking that the rule in that case... The old action bill was because the enforcement department had decided to enforce it against them, not that the regulation itself was invalid. Their allegations were that the regulation itself was invalid. The important distinction here, and I think there are three buckets to look at, one is final agency action, the second is harm, and the third is relief. And I think there's a taxonomy of, like, what facial and as applied can mean, and it means different things. We laid this out in our brief. I think there are three different kinds of meanings. One is who's on which side of the V. That's how Justice Kavanaugh used it in his PDR concurrence. Another is the scope of relief. That's how it's usually used in the First Amendment context. Is this a statute that is only unconstitutional in a certain application, or is it unconstitutional across the board? And then there's the situation where I think we're talking about more here, where hair in this case are on the same page, where you've got some kind of new event that's happened that has brought to bear the previous rule against the plaintiff seeking pre-enforcement. But there it was, the letter saying, we are going to assess criminal penalties and a fine if you don't stop doing this. I mean, that is your ticket to get into court. Is it not? We don't have anything like that here. Well, you have those very similar threats. I don't have a letter for you, but that's what was communicated to my clients as the enforcement investigation. Is that in the record, that they received this warning and this threat? It's in the record that it was clear that they were, that the government thought that they were not complying with the 2013 Department of Labor rule. Is that enough? I mean, that's not exactly what hair is. The difference between a letter and a verbal communication of that I think is, I don't think that's. But do we, is it in the, is the nature of what was going on when this complaint was filed, is that in the record? Yes, so in the record, and I don't have it. Where specifically did you find that? Point the court to, sorry, let me pull it up here. So. I didn't see it. I thought you just put a 28-J letter. I'd be happy to put that in a 28-J letter. There are about three or four paragraphs in here that do address, I don't have the number for you off the top of my head. It's 77, paragraph 77, DOL's targeting of plaintiffs and other third-party agencies threatens to put them out of business and decimate the entire industry of home care providers. And I think it's in this whole section, page 16 and 17 of the complaint, that gets at some of this point. But nothing against the plaintiff, just its general conduct. So there is then later specific communications that are referenced involving plaintiffs, and as the government has conceded, this was filed in response to the opening of the investigations. All right, so you'd say there's enough conduct here to entitle you to bring an action. Yes. And I also want to clarify that for plaintiff age well, all of this is academic because they came into existence in 2016. So regardless of how you slice it, the earliest they could have been aggrieved is going to be when they came into existence. You can't be harmed before you exist. It's the other plaintiffs that maybe you're struggling a bit more with because your theory is they could have sued beforehand, chose not to. Maybe they didn't have sufficient prompting. Maybe they would have failed on a pre-enforcement review because Abbott Labs wouldn't have said you don't meet the test for pre-enforcement review, it's not sufficiently imminent, or pick your kind of legal standard of choice. But right now what you seem to be saying is, you know, they can get in really any time based on their kind of last violation, if I understand it. It's almost like a continuing violation theory exception for them. They could have sued sooner. Maybe. Didn't. Now they can sue now based on the last violation. So I would say it's not a continuing violation. It's the opposite. Like in Stone v. Troy Construction, this court said that you get a new cause of action against the employer, the government. It accrues to the government or the employee on each payday when the paycheck goes out. And so that new liability, and I would say liability plus threat of enforcement, just the fact that someone could possibly bring a lawsuit against you probably isn't enough. But here we've got both potential liabilities and clear communication from the government that you're under investigation because we're pretty sure something's up here. And I think that's been, the fact that that was what they were thinking is borne out by the fact that they brought this. So let me just tease this out as a hypothetical. If there was a company that was in existence in 2013, let's say they operated for 17 years, totally in violation of the rule. It's now 2030. They probably could have maybe done some challenge to the rules somehow beforehand, but they get their first enforcement letter or their first kind of questionable letter in 2030. Is it your position that, well, you know, we're ignoring the rule for 17 years, but now we're still timely because we didn't get our enforcement letter or our notice or our oral communication or our email from the agency until 2030? I think the key thing is the language of the statute, which is when a claim accrues. And so I think Judge Sutton's analysis is very incisive on this point. One final agency action can have multiple injuries that occur over a range of time periods. And so in your hypo, yes, if that's the time that you have a potential liability and threat of enforcement coming up, that's a legal wrong. And that's what Abbott Labs is about. It's like when you get some real threat that they're going to come after your business. But isn't it kind of when the agency action kind of first accrues, not just whenever it accrues? So accrues, something can't accrue in the abstract. When something accrues, it comes into existence as a right, a personal property right in the case of the ability to sue. It's an intangible property right, it's a chosen action as the common law idea there. That chosen action belongs to somebody. So speaking of something accruing when final agency action happens, that confuses, I think, the distinction between what the injury is and what the final agency action is. Again, it just can't accrue in the abstract. I see my time is up. I assume it would be asking for an advisory opinion if it was anything other than potential liability with the threat of enforcement. I think you'd have to analyze it. If it was potential liability and you're coming in, you're saying, you know, we're doing this and we're just not sure, but can we please have your opinion so we're not violating the law? I mean, that's basically an advisory opinion. Yeah, so I think the standard for getting into court, right, this is a well-established process. You have to show that there's something sufficiently imminent before you can go to court, and this is standing doctrine to prevent advisory opinions. Right. So that's exactly, I think you're exactly on the right track with that. Why couldn't someone go into court under 553 subsection E and ask for the agency to repeal or amend its regulation? And that can happen whenever. That's right. And if there's a denial of that, you can take an appeal from that denial. That gets around the whole metaphysics of promulgation and whether or not somebody that doesn't exist or has not yet suffered an injury can sue after the six-year statute is run. So two points to that, Your Honor. One, that's always available and it does not extinguish pre-enforcement review. It's not available. No, I'm sorry. It does not extinguish pre-enforcement review. So you can always go to an agency. You can do it the day they promulgate something and put it in the Federal Register. You can say, we think you should reconsider it. That doesn't mean that you can't get pre-enforcement review. So I'd say the same analysis always applies. But isn't that a kind of pre-enforcement review? It's not, Your Honor. I think going to the agency and saying we need, you should do something different, that's not required. You should amend your rule. You should maybe rescind the rule. Right. So that's not pre-enforcement judicial review. Not judicial review. It is a kind of. No, it is a kind of review. So you can get judicial review out of that process if you deny it. You can. But it doesn't, my point is that the availability of this avenue, and I'm not aware of any case that says the opposite, the availability of that avenue means nothing for the availability of pre-enforcement review. And as a practical matter, oftentimes these processes, if you do make that kind of petition, it takes a very long time. The agency can always say, oh, we're still thinking about it. So as a practical matter, you may be looking at years of delay before you even get something to appeal. That's, I think Judge Jones' dissent in Dunn-McCampbell addresses this point really, really well. And I think that's the right way of looking at it. The real question is whether your complaint alleged a sufficient threat of enforcement against you. I'd say yes. And I'd say the opening of the investigation, like at the pleading stage, all inferences have to be drawn in our favor. I think the way it's laid out, if there's an investigation, it is part of a larger campaign. And does this mention the opening of investigation? Yes, the investigation is mentioned in the complaint. Sorry, this is one of those things that the other side agreed with in their briefing, and so I don't have paragraph numbers sitting here off the top of my head. I'll look at it. Don't worry about it. So I guess one of my questions relates to the text of 702. 702 focuses heavily on aggrieved by agency action. Yes. Agency action is specifically defined elsewhere in the APA to basically talk about things such as rules and things such as orders. And so I guess my question, though, comes down to what you're saying is, so I can see using that as a trigger as soon as you're aggrieved. Right. But what you're saying is, no, wait for some overture by the agency, a letter, a communication, something like that, that they might actually enforce on you. That might be necessary to meet Abbott Labs' imminence test. Yes, that's right. But the letter isn't itself agency action. It's not final agency action. It is agency action. I don't know that it is. Is it a rule? No, it's not final. But the definition of agency action talks about things like rules, orders, licenses, sanctions, maybe leaving some, failure to act might be the last of those. Which one of those does it fall into? I don't have the definition of agency action in front of me. It's in 551 somewhere. But the question is, which, because if we're going to tether this to being aggrieved by agency action, it would seem that it would be tethered to, when you come into the ambit of agency action. So what you're maybe telling me is, it was always the rule, don't look at agency action for the letter, look at the letter as doing the work on aggrieved? No, I don't think the letter is what's aggrieving you. It's the, what's being challenged is the original rule. And what I'm saying is that, just like in Hare where Judge Sutton said that things changed in 2013, they changed because of the government's action. He doesn't get into, and I don't think this court needs to get into, what precisely a letter is in terms of APA attributability to the agency. I think the key point is that you have, as a practical matter, it's not on the agency action prong of the APA, it's on the aggrieved or legal, we have a legal wrong. And that is, that's a practical thing. It's looking at, and it's a super low bar, right? To show injury in fact, plus that you're arguably within the zone of interest of the statute. I asked you about facial versus as applied earlier, because it seems to me that when, if it's a facial attack, when the regulation is promulgated at that point, there's going to be clearly a final agency action. And assuming you exist, and I know we've got some problems here with that assumption, but at that point you are aggrieved. Not necessarily. The action is taken against you. Not necessarily. That's all of the cases that go to statutory, standing under the APA, where someone gets kicked on a preliminary basis, and there are many of them. Each one of them involves a situation where final agency action happened, and there wasn't a sufficient grievance to get you into court. That goes all the way back to like toilet goods cases from the 60s. And there's a long, unbroken line of cases. And the government, I find their position a little odd for them to make, go to court all the time and say, there may be final agency action, but you can't bring this case. That's a regular occurrence when you're defending federal government. So to what I think the key point there, again, is distinguishing the two prongs, separate requirements is what the Supreme Court called them in the Lujan case, where you have final agency action and the legal wrong, adversely affected or aggrieved within the meaning of the statute. Would you repeat that? You said that very quickly. Yeah, sorry. There are two separate requirements that the Supreme Court noted in the Lujan case. Lujan 1990. Yes, right, there are two. Not the standing Lujan case, but the other one. And requirement one is final agency action. Requirement two is that you have suffered legal wrong or been adversely affected or aggrieved within the meaning of the relevant statute. And following the data processing case from the 70s, that's been interpreted really broadly. I see my time has expired. So thank you very much. And we'll hear from you on your phone. I canceled for police. Good afternoon. May it please the Court. David Peters from the United States of America. I'd like to start just about what plaintiffs are claiming here. Their argument is that the rule, which was promulgated in 2013, was invalid from the moment it was issued. Their argument was it was contrary to the statute of the FLSA and arbitrary and capricious. There are generally two. Say that again. Their argument is that it was contrary to law and arbitrary and capricious. There are generally two ways that a party can bring an affirmative suit to challenge a rule. They can bring a suit once an agency has taken particular final agency action to apply the rule to them. Plaintiffs aren't doing that here. They are not challenging any final agency action other than the issuance of the rule itself, and they just made that clear. Their point is that the rule is invalid from the moment it was issued. In Abbott Labs, the Court also recognized an ability to bring an affirmative suit to relieve the grieved parties, sorry, to relieve regulated parties of facing an untenable choice between incurring a violation to challenge the law or complying with a rule they think is valid. That also isn't what plaintiffs are doing here. They aren't facing an untenable choice between whether they should comply or not. They've already made that decision. They have been out of compliance with the rule for years. They built their entire business on not paying. Does that matter? Let's say they did that for two weeks, and then an enforcement action was brought, and you'd say that because they've been doing it for two weeks, they no longer face, you know, they didn't face an untenable choice because they made the choice. It doesn't make any sense. You're right. They could surely question the validity of the rule, and the way they would do that is as a defense in the enforcement action. Well, they don't have to do that. I mean, if I'm facing that choice, I'm going to want to find out whether I'm doing the right thing or not. I'm going to want to bring a complaint. Are you saying that this complaint doesn't have a sufficient statement of their untenable choice and, you know, the potential for liability with the threat of enforcement? Your Honor, a pre-enforcement challenge or this idea of a direct challenge to the rulemaking itself is meant, and this is the entire point of AdBoot Labs, to relieve a regulated party that doesn't have to incur a violation to challenge the rule. The point here is they have, the plaintiffs have been violating this rule for years. They can't then come to court. So I guess your point would say as soon as an entity doesn't comply, just one iota, they've lost the ability to bring a pre-enforcement challenge because they've already not complied. So you have to come with a completely pure and clean slate in order to bring a pre-enforcement challenge which is what I hear you saying. Are you saying something that broad? Your Honor, to bring a pre-enforcement challenge, what's been called a pre-enforcement challenge or called a facial challenge to the rulemaking itself, the point of the availability of an APA claim is to say you haven't, you don't know what to do yet and you can come to court for that clarification. But once you've taken the violation of the act, you can't come to court and say... So it sounds like that pure slate hypothetical that I said you're agreeing with. You can't bring a pre-enforcement challenge. If you trespass the rule in any way, shape, or form, you've already made a choice. And by already making that choice, you've lost the ability somehow under Abbott Labs which doesn't really say that to bringing this case. Your Honor, what plaintiffs are asking the court to do is to stop the department's ongoing investigation and enforcement activities into their repeated violations of the rule and that they're saying, we want the court to say we've been doing this for years. We want the benefit of the home care decision from the D.C. Circuit. We've ignored those obligations. And instead, we want this court to ratify what we've prior done and stop the department's ability to bring enforcement actions against us. What case says they can't do that? What case says their previous noncompliance robs them of the ability? I mean, I guess you're going to say a stop or a waiver or lashes or whatever. But what case says that that's the be-all and the end-all? Your Honor, just to be clear, I think it's a review of the rule. No, they're saying please stop doing this. You know, this is wrong. And you're going to apply it to us. And it shouldn't be. You say it's a facial challenge, but it really isn't. It's an applied challenge. Your Honor, I don't think the terminology of the as-applied and the facial are particularly helpful here. I think the as-applied challenge, as the court's submental briefing order suggested and higher order and Alabama and the Crew case, those are all challenges to the final agency action doing that. What the Department has done is said we think that you violated the rule and that we're going to bring an enforcement action against you. And the proper form for the plaintiffs to say we think that's wrong is in the course of the enforcement proceeding. But that's only after six years have passed. If we were inside those six years, your position would be you could do a pre-enforcement challenge, right? Otherwise, it's not we aren't really here about the statute of limitations. We're here about the scope of pre-enforcement challenges. So, your Honor, there's two things. I think that there are, as we laid out in our brief, there are two independent reasons why these claims are defective. The first is what we've been discussing before is that it's not the proper use of the APA to come into court and to challenge the Department's ongoing investigative enforcement actions. This court in Gentile made that clear. They said when it's the case that you are coming to court for the purpose of questioning the legal authority of an agency to take enforcement action against you, that's not a proper APA suit. That's such a threshold defect with the plaintiff's claims. And so, even if it was brought within six years on the history of to stop the enforcement action, that would be an invalid use of the APA. But separate and apart from that, your Honor, the claims are also untimely. I thought, is Gentile, is that the one I wrote? It is, Your Honor. Because I thought that was based on committed to agency discretion by law is a little bit different from just saying, we've now got the letter. The basis here would be that the rule's invalid, not we don't like the exercise of your prosecutorial discretion. So that was kind of a Heckler v. Cheney style, 701 sort of play, not necessarily a, you know, rules invalid sort of play. But, Your Honor, it is true that that was the grounds of the court rule, and there was that it was a committed to agency discretion by law. And the court cited ADAPT and Heckler and Cheney in a number of cases where the court has. And Lujan 1990. Any number of cases, Your Honor. But the, in Gentile there were requests both for declaratory and injunctive relief. And the claims were that the agency had exceeded its authority in bringing that enforcement action. And the court recognized that at bottom was a question as to the legal authority to bring the enforcement action in the first instance. And that is the same argument that's being made here. Plaintiffs are seeking declaratory and injunctive relief to questioning the ability of the department to have any legal authority to assert, to bring an investigation. And so that's why I think. Well, just to put maybe a fine point on it. I don't know that they're saying, and correct me if I'm wrong. I don't know if they're saying you don't have any authority. I think they're just saying we believe that the 2013 rule was a rule to be invalid. And so we'd like you to strike that rule. Maybe you can investigate for some other reason or some other thing. But I don't know that it's challenging their overall authority. It seems really discreet. The rule's bogus. We'd like to challenge it. But I guess what you're saying, and maybe I've loaded that. So respond to that as needed. But let me just say this too. What's your position if they brought this suit in 2016 or 2017 that would be unequivocally timely? Would you say, no, we've got a deeper problem here and the problem is that we've got an investigated party that's trying to railroad or direct the use of enforcement discretion? Your Honor, if these claims are brought in a timely fashion, there would still be this special defect and that would be an independent reason to reject these claims. Could you repeat that? Sorry. If the claims, even if assuming the claims are timely, this is an independent threshold defect with the use of the APA. It would be plaintiffs are effectively saying, we think we committed a tort and we're coming to court to prevent the victim from being able to sue us for damages. And that's just not a proper use of the Declaratory Judgment Act and it's not a proper use of the APA. But separate and apart, the claims are also untimely. To be clear, plaintiffs have now recognized that for at least two of the claims, two of the plaintiffs, International and AmeriCare, they were formed more than six years after the promulgation of the, they were formed more than six years prior to the claims being brought. So under any theory of a parole, their claims are untimely. There's also Age Well, which was formed in 2016. It's not exactly precise to say when, but it was formed in 2016. So Age Well, too, could have brought a claim within six years of the rules promulgation but chose not to and only did so after the department told them it was going to investigate them. But even there, the accrual for APA claims or challenges to APA rules occurs when there's final agency action. That is the action that's being challenged. The idea is that the rule was invalid from day one and so it makes sense to measure the time limit for the six-year accrual period from the final agency action that's being challenged. Which is the promulgation of the rule in 2013. That's the only final agency action that's being challenged here. And there are... So what if a plaintiff didn't have standing in the statute of limitations period? Would we sit there and say, you know, so sorry? Well, first of all, that's not the hypothetical that's presented here, right? No, no, I know. It's a different hypothetical. Yes, of course. But that's not presented here. But even in that situation, the conclusion would be that the plaintiff's lack of standing didn't prevent the accrual of limitations period. There are any number of requirements to maintain a suit successfully. So a person who could have never sued during the six-year period would just be forever bound to follow that unless and until they wanted to raise the defense to an enforcement action. They would lose Abbott Labs. They would lose all pre-enforcement review. Thoughts of sufficient imminency don't matter anymore. Let's just see what happens as a defense. There's a few things, right? No. First, there's always the availability of 553E. Which is petition, which I don't think qualifies as an adequate remedy of law. And so I don't know that that's a bar under 704 or would be kind of an otherwise equitable consideration. Is that wrong? You're asking just the response of whether they have any opportunity to challenge the rule. 55E is out there. They have the ability to challenge the rule under 55E. Through a petition for repeal or modification of a rule, which is... What do you say about your opponent's response to me when I mentioned 553E? And they said that's great in theory, but it really does not work in practice because of the time... You don't know. I mean, that's the avenue that Congress made available. I mean, whether 55... They're saying in practice it's really not an avenue. I don't think that's true. The ability to petition the agency is what the APA provides for, and that's the ability they have. Their agency, a regulated party, could also... If there's additional final agency action that's taken, that's the crew case in which the rules apply to them. They can bring a suit. And this is hardly an anonymous outcome. I mean, there are any number of statutes. There's the Hobbs Act, the Clean Water Act, the Clean Air Act, that after a set period of time, these are the options that Congress made available to regulated entities. It's no different... They'd be no different than an entity in that situation. But again, to the extent that... But maybe those are more like statutes of repose and statute of limitations that hinge on accrual or have unique textual components to them that foreclose in a way that 2401 doesn't? You know, they're not statutes of repose, right? Statutes of repose are creatures of tort in which they... In which foreclose all tort liability and foreclose all liability at all. But that's not... That's not any of those statutes. There isn't any tort liability in the United States at issue here. And again, there's not a claim that once a rule is more than six years old, it's forever insulated from review. There are avenues to challenge that rule both in terms of 553, but also in the course of any additional final agency action. And then the crucial point is or in the cases as is here when there are enforcement actions being taken against the entity, they can always raise those arguments as a defense. And it makes sense in this context. Your contention that Judge Sutton is wrong in her opinion? I think hers is not applicable here. You know, the claims at issue in her were quite different than the claims that are being asserted here. You know, plaintiff's assertion here... But the action that caused their claim to be timely was the threat of enforcement. The letter saying that they're going to be criminally prosecuted if they don't cease and desist. I'm not sure that's quite right, Your Honor. I mean, in her, the claims there were that they were... The rules apply to them for the very first time, this voting restriction. But he says remember that here they were threatened with criminal enforcement. In 2013. Correct. That in... Things changed in 2013 is what the Sixth Circuit said. But the claims were that they were property owners and that the rule was only invalid as to property owners and they saw it in conjunction of the application of the rule to property owners. There wasn't a claim that the voting restriction was valid just broadly. The claim was that it was valid as applied to them. The plaintiff's claim here is that the rule has been invalid as to everyone since day one. And that's just a quite different claim that's not quite the same as in her. And so, you know, the... Again, the idea of claim approval is irrelevant for at least two of the parties. And I just want to... But... I guess my thought is on relief. What if they said, we don't want a nationwide injunction, we don't want anything else like this. We just want to declare... We just want a court to declare this... This 2013 rule. We just want to set it aside. Just... Just for purposes of what they're going to do to us. Now, maybe that comes up in a separate suit in Nebraska. Maybe... Maybe that's litigated differently there. But if there's not a corresponding request for, like, super, super, super broad relief to have it taken away for everyone at all times, it kind of has the force and effect of an as-applied rule. Ruling. That's my challenge. I see my time is up. I may address the questions. Your Honor, the distinction that is being drawn between facial and as-applied in the various cases that was... The court decided in their supplemental brief is a distinction between a direct challenge to the rulemaking itself, which is what plaintiffs are asserting here, and a challenge to some other final agency action applying that rule. And so the nature of the remedy that's being sought, whether it's... The government's position is that vacature and setting aside a rule is not ever a proper remedy, but putting that to the side for a second, the nature of the remedy sought doesn't distinguish between a facial or as-applied challenge. What matters is, what is the agency action that's being challenged? Here, the agency action being challenged was a promulgation of the rule in 2013. The six-year period ran from the final agency action, so it expired on October 1st, 2019, and plaintiffs admit that all of their claims are brought after that point, and so they are untimely. So basically, my number one takeaway, and maybe my colleagues   for you is this. My number one takeaway from your position is that as of 2019, no one can bring even a single rule to the court that is not a proper remedy. No statement withstanding beforehand or without standing beforehand can bring a pre-enforcement challenge to this rule. Is that right? Your Honor, I don't know if that's quite right. I want to make sure I'm clear about my statement. At the expiration of the 2019 period, no one can bring a pre-enforcement challenge. Parties can apply the application of the rule to them. Now, if this court is concerned by a situation after the six-year expiration period has expired, parties can challenge the rule's application to them, or they can raise it as an affirmative offense in the course of an enforcement proceeding, or they can petition for the rulemaking to be changed, which is exactly the same as regulated entities under the Hobbs Act, the Clean Water Act, the Clean Air Act, CERCLA. This is hardly an anomalous congressional decision about having repose for administrative actions. Now, Your Honor, if the concern is that there may be a situation in which a party that is formed after that six-year time period has never had the opportunity to bring a challenge, whether that might be treated differently under some kind of equitable tolling or something else, that question isn't before this court because there is no doubt that all three of the plaintiffs here had the ability to challenge the rule within the six years of the promulgation of the rule. What would they have had to allege in here in order for you to say, aha, they are challenging the application of the rule to them? Final agency action, Your Honor. They would have to show that there was some Enforcement proceeding and they were found in violation. That's not final agency action that's reviewable by the APA. Your Honor, I shall be clear. They can surely, and they have, raise it as a defense in the course of the enforcement proceeding. I know that. I know that. But they would need to show final agency action. That is the key for APA review. What would that look like? What would have to have happened for them to allege that in here and have it be cognizable? Your Honor, there would have to be, I would point to an example like CRU. Right? In the CRU, the SEC case at the D.C. Circuit, there was an administrative complaint that was filed. The administrative complaint was denied. In the course of the denial of that administrative complaint, the agency applied the rule to them and then they brought in  to that action. So it's pretty much what Judge Phipps said. There really is no such thing as pre-enforcement. Your Honor, there is no pre-enforcement but they can bring a direct challenge to a rule within six years. That is the scope of the limitations period. Just like under the Hobbs Act, I believe it's 60 days that the claim is going to be brought. And after that period, a regulated entity who wants to challenge a regulation that's governed by the Hobbs Act is sitting in the same position    I see my time is up. Thank you very much. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.         Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. I have it down to your reserve five minutes. Yes. Thank you, Your Honor. Okay, I'll jump right in. First, on this violative action point, there is no case that I've ever seen, certainly no case the government has pointed to that holds the rule that they try to get advanced here. In Abbott Labs, it is uncontested throughout that opinion. They were in violation of the regulations. That was clear the whole time. They made the same argument in the first Sackett case to the Supreme Court. They said, unlike Free Enterprise, the Sacketts have violated the relevant order and they just have to wait for enforcement. The Supreme Court did not bite on that and said that pre-enforcement review was available. I think those two cases are all you need to know about the government's first argument. I also want to make clear that we're seeking classic declaratory judgment relief. We're not trying to interfere with enforcement discretion. We made this clear below that all we're seeking is the normal declaratory judgment act ruling about, is this rule compliant with the APA or not? Well, but you're asking for an injunction. We're not asking for an injunction, Your Honor. Just declaratory relief. We narrowed that below. I think the government has conceded that in their briefing. Precisely to make this point clear. This is also mentioned in the district court's opinion. The notion that you have to, I think Judge Phipps, you're exactly right, the notion that you have to have clean hands somehow before you can sue, that's not the case. And this is a classic example of why pre-enforcement review is available. My clients didn't think they were breaking the law and then they got a call from the Department of Labor saying, we think you are and we're going to come and destroy your businesses in all likelihood. And then they said, boy, at the end of that process, and certainly the government has not, has thrown up every obstacle they possibly can in those enforcement proceedings to litigating the merits of that, of the APA issue for the 2013 rule. And it's just saying, we'd like to resolve that first. That's why we brought this case. Also, just to be clear, nothing in that declaratory relief goes to anything that's agency, discretion, that's protected by law. I would say that the ex parte Young decision, the canonical early 1900, it's like 1903 or whatever case, says that there's no interference, even actually with an injunction. There's no interference with the government's legitimate enforcement discretion. All that's happening is the government's being told, here's something unlawful you can't do. You could never do it in the first place. My opposing counsel mentioned any theory of accrual as if any theory of accrual cuts the other way with us. And then went on to say that the Section 2401A is just like the Hobbs Act. It's just like the Clean Water Act. It's not. And that's really our key point, is the distinction in the text matters. The text of 2401A says, you look at when the plaintiff's right of action first accrues. Clean Water Act, Hobbs Act, those talk about when the agency's rule or order is put in the Federal Register. Right? Congress knows how to write statutes. You can call it what you like. I think they're a statute of repose in the sense that they give repose from pre-enforcement review. Those statutes exist. Congress knows how to do it and it hasn't done it here. Any, I think in the Sackett 2 case just a few weeks ago, the Supreme Court said that an argument that ignores the text of the statute cannot be taken seriously. And they don't say a word about how something can accrue in the abstract. Right? It accrues, as I said before, it accrues to a particular person at a particular time and that's how we approach statutes of limitation in every other case. Every member of this panel has taken that position in different cases. So let me just ask you this. Right? 2401 uses the phrase, I think, first accrues. Yes. Right? And so if what the agency action is that you've got a problem with is the rule and not discretionary enforcement. Right? The time that that challenge first occurs is probably the first time that you're in violation of the rule. It's when it first accrues. And so I guess my thought is if we marry first accrues to first to aggrieve to agency action, it strikes me that maybe age well has a play because it first accrued at a time period when we were if we start the clock later they were in it. But the other two plaintiffs don't if we use when the agency action as in the rule first applied to them. And so if otherwise it strikes me that first is kind of you know a little bit kin in a superfluity not doing as much work as maybe it should. What do you say? I would I'd point the court to the hair case. I see my time's expired. So the hair case involved a very similar argument and what the court said was there was a different wrong that first accrued at a different point in time. So one way of thinking about this might be I'm wholly I know that language is cited all the time and different rights from similar more thought about that the less overwhelmed I am by it. I'm totally underwhelmed by that analysis because that doesn't really answer the question. If something has accrued the fact that not something else a different injury occurred later on doesn't negate the fact that something occurred earlier on in Hera was the fact that they were using the lake recreationally different from a property interest in boating out of the lake but it was still an injury that occurred to them because they couldn't use the lake recreationally and Jeff Sutton's analogy of that I know it's caught on but I'm really as I'd like you to say underwhelmed by it. So let me give a hypothetical that I think elucidates why his reasoning is correct. So imagine you go into a bar and you get punched in the nose by some guy. You go in a week later, the same guy punches you in the nose. Imagine there's a one year statute of limitation. You bring suit 364 days after the second. After the second punch. And you seek both punches. The first one's time barred. You can't get anything off of that. The second one is not. So the quantum of damages changes between those two. But imagine you're also seeking injunctive relief. The injunction is going to be the same. I guess my problem with your hypo is these are two separate punches in your hypo and in this situation we have a single rule. And the rule happened on the same day. So I'm struggling to figure out what first accrued means for two of the defendants when it might have first accrued for them earlier than age well. So I think the point is that what the claim is that they're bringing, and each time you need two things. You need both the final agency action and you need the adverse effect. And it's clear that you can have multiple adverse effects that happen over different points in time. But then what does first mean? So imagine you've got Doesn't first mean the first adverse effect as opposed to any adverse effect or the last because the hypo you gave was like the last adverse effect. But 2401 I think says first. So it's first as to the claim that you're bringing. So imagine you've got like a mining claim or something and there's a BLM reg that deals with that. And then it's nothing new happens. There's no enforcement. It just changes your rights as to that piece of property. At that point it approves at that moment and then six years later you're out of luck if you wanted to challenge it in a pre-enforcement posture. The difference here is you've got you do have subsequent things that  do. The distinction I think is about if there's some good reason to go to court. Like I said it's a low bar. But you have to show something. You have to show concrete particularized injury and fact and then you have to show them   in violation of the rule. Let's just say there's a violation of the rule but until 2019 they don't receive any letter or notion or rumbling that there's going to be any problem whatsoever. The day after it expires in 2019 the Department of Justice  issue a letter saying we're here now and what we want to do is talk about your business and its transgressions. I guess what you would say is maybe the cause of action first accrued beforehand because the rule was applying to them beforehand but they didn't receive a letter so we're kind of adding in not just aggrieved but aggrieved plus letter? I think the letter is just evidence that you are being aggrieved. I just think the distinction has to be made between injuries and final agency action and that they're separate and that you can have multiple  and conclude them beforehand even if it counts as being first aggrieved. That's why I bring that analogy in. I think that elucidates the distinction of what is this cause of action, what is the thing you brought this case as a result of? Not necessarily what you brought this case as a result of. I don't  you should but I would say the DC circuit framework is the right one. We would ask them to make a request to the court for further proceedings. Thank you very much. If possible, could the parties confer and maybe get us a transcript about cost sharing or anything else like this. I think we would really benefit from a transcript of this argument. If you would be able to do that, that would be wonderful. Thank you very much.